FILED

November 5, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 12:32 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Karen Amos,<br>　　　　Employee,<br>v.<br>Chattanooga Goodwill Industries, Inc.<br>　　　　Employer,<br>And<br>Accident Fund Ins. Co.,<br>　　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-01-0201<br><br>State File Number: 41987-2015<br><br>Judge Thomas Wyatt |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY TOTAL DISABILITY BENEFITS
## (RECORD REVIEW ONLY)

---

This claim came before the Court upon a Request for Expedited Hearing (REH) filed by the employee, Karen Amos, for a review of the record without an evidentiary hearing. Ms. Amos seeks to change the physician authorized to treat her work injury or, alternatively, seeks a second opinion on available treatment options. In addition, she claims entitlement to temporary disability benefits. For the reasons set forth below, the Court declines to order that Ms. Amos be examined by a neutral physician pursuant to Tennessee Code Annotated section 50-6-204(d)(9) (2014) and finds that she is not entitled to the temporary total disability benefits she seeks.[1]

## History of the Claim

Ms. Amos is a forty-eight-year-old resident of Athens, McMinn County, Tennessee. (T.R. 1 at 1.) On May 16, 2014, she began work as a sales associate at a retail store operated by Chattanooga Goodwill Industries, Inc. (Goodwill) in Athens. (T.R. 1 at 1; T.R. 3; T.R. 4.)

On May 28, 2015, Ms. Amos injured her back at Goodwill while moving heavy boxes of donated clothes with a dolly. (Ex. 1 at 1.) In her affidavit, she averred that, "I

---

[1]The Appendix to this Order contains additional information regarding the technical record and the exhibits considered as part of this on-the-record determination.

put the dolly under the boxes pushing the boxes over with my one hand and pulled with my other hand. When I pushed and pulled at the same time is when I felt my back pop." (Ex. 1 at 1-2.) The record in this claim does not indicate that Goodwill challenged the compensability of Ms. Amos' injury. The Dispute Certification Notice sets forth in the "Defenses" section that Goodwill "asserts that the employee is not entitled to a second opinion as she chose a physician from a valid panel." (T.R. 2 at 1.) Goodwill also disputes Ms. Amos' entitlement to temporary disability benefits. *Id.*

In a hand-written statement she filed with her REH on September 23, 2015, Ms. Amos stated the authorized treating physician, Dr. Madigan, had "signed off" on her, releasing her to return to work without restrictions. (Ex. 2.) In a later statement, Ms. Amos stated Dr. Madigan released her from his care on September 5, 2015. (Ex. 3.)

In a type-written statement filed September 4, 2015, Ms. Amos claimed the doctor "associated with workers comp" had treated her unfairly. (Ex. 4.) She communicated in that statement she "would like a second opinion from an orthopedic Specialist who has my personal well-being in mind. Rather than treat me like I don't matter and that my injury isn't important. I would like more than just an x-ray done to see what has happened to my back[.]" *Id.* The Court interprets the above as a request to change authorized treating physicians or, failing that, for a second opinion on treatment issues.

Ms. Amos stated in the September 23 statement that she had continued to work since the date of injury, but with significant pain caused by standing and walking. (Ex. 2.) From the information in the record, it appears Ms. Amos worked her regular hours at Goodwill from the date of injury until terminated on September 28, 2015, except for the week of July 1-6, 2015, when an emergency room doctor took her off work due to back pain. (Exs. 2, 3, 4, 8.)

In a statement she filed September 28, 2015, Ms. Amos stated Goodwill terminated her on September 25, 2015, for leaving the front of the store unattended when she went to lunch. (Ex. 3.) Ms. Amos claimed Goodwill unfairly terminated her because, prior to the occurrence of the incident in question, Goodwill's managers gave her authorization to go to lunch and, when she left for lunch, she advised the managers that she was going to lunch. The record is silent as to whether Ms. Amos has worked since the date of termination.

### Findings of Fact and Conclusions of Law

*General Legal Authority*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor

2

employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Ms. Amos' Request for a Decision on the Record*

Tennessee Compilation Rules & Regulations 0800-02-21-.14(1)(c) (2015) affords the Court "discretion to either set [a requested Expedited Hearing] for a hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim." As Goodwill did not object to Ms. Amos' request for a decision on the record, the issue becomes whether the Court needs additional evidence to decide the claim on the record.

Ms. Amos' submissions thoroughly set forth her factual bases for requesting, alternatively, a change of authorized treating physician or a second opinion. Goodwill contests Ms. Amos' request on the basis she selected a physician from a panel of three physicians as required by the Tennessee Workers' Compensation Law. Ms. Amos does not dispute that she selected Dr. Madigan from a panel. Accordingly, the Court does not need additional evidence to determine the issues raised by Ms. Amos pertaining to the authorized treatment of her work-related injury.

On the temporary disability issue, Ms. Amos disputes Goodwill's claim it accommodated her restrictions. However, the statements she submitted indicate that, other than during a six-day period the first week of July, Ms. Amos worked at Goodwill until terminated. In view of the above, the Court finds that it needs no additional evidence to decide Ms. Amos' request for temporary disability benefits on the record.

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

*Ms. Amos' Request to Change Physicians*

Ms. Amos cited no statutory authority supporting her request to replace the physician she selected from Goodwill's panel. The Court is not aware of any such authority in the Workers' Compensation Law. In *Scott,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24 at *7, the Appeals Board held that, "Tennessee courts have long held that the employer in a workers' compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204." The Board in *Scott* went on to hold that a trial court should not assess the appropriateness of the treatment or evaluation provided by an authorized treating physician "absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Id.* at *8.

Ms. Amos complains that Dr. Madigan did nothing more than order an x-ray to determine the nature of her injury; did not give her time off to recover; and released her without consideration of other treatment options. (Ex. 4.) However, she did not submit countervailing medical evidence to indicate what additional or other treatment another physician might have ordered for her injury. Additionally, Ms. Amos did not dispute that she selected Dr. Madigan as authorized treating physician from a proper panel under the law. In view of the authority set forth in the *Scott* opinion cited above, the Court finds that, at a hearing on the merits, Ms. Amos will not prevail in establishing she is entitled to change authorized treating physicians.

*Ms. Amos' Request for a Second Opinion*

The Workers' Compensation Law affords an injured employee a second opinion in only three very limited circumstances, none of which applies to Ms. Amos' request. Accordingly, the Workers' Compensation Law itself does not afford Ms. Amos the second opinion she seeks.

Tennessee Code Annotated section 50-6-204(a)(3)(C) (2014) allows for a second opinion when the treating physician requests it. The record does not indicate that Dr. Madigan requested a second opinion and, in fact, Ms. Amos does not allege such is the case. For that reason, section 50-6-204(a)(3)(C) does not afford Ms. Amos a second opinion.

Tennessee Code Annotated section 50-6-204(d)(5) (2014) provides for an independent medical examination "[w]hen a dispute as to the degree of medical impairment exists[.]" Ms. Amos' request for a second opinion involves treatment, as opposed to impairment rating. As such, section 50-6-204(a)(5) does not afford Ms. Amos a second opinion.

The final statutory mechanism for obtaining a second opinion is found in

Tennessee Code Annotated section 50-6-204(d)(9) (2014). This statute provides that the trial court can order an examination by a neutral physician, "in case of a dispute as to the injury, other than disputes as to the degree of medical impairment."

Few appellate opinions have addressed exactly which circumstances may invoke the trial court's authority to appoint a neutral physician pursuant to Section 50-6-204(d)(9). In *Mansell v. Bridgestone Firestone N. Am. Tire,* 417 S.W.3d 393, 406 (Tenn. 2013), the Supreme Court stated that, "Tennessee Code Annotated section 50-6-204(d)(9) allows the trial court to call its own expert witnesses *on all issues that may arise within the MIR process,* except for the purpose of obtaining yet another impairment rating." (Emphasis added.) The Supreme Court's reference in the quoted language to the "MIR process" is confusing. Earlier in the decision, the Court specifically referenced the acronym "MIR" to Tennessee Code Annotated section 50-6-204(d)(5) (2014), which only applies to disputes concerning an injured employee's impairment rating. Section 50-6-204(d)(9) explicitly exempts MIR issues from a court's ability to designate a neutral physician. Accordingly, the Supreme Court could not have meant to apply section 50-6-204(d)(9) to impairment rating issues, as such is not allowed.

The MIR process set forth in section 50-6-204(d)(5) is intricately connected to the process by which a court determines the amount of permanent disability benefits to which an injured employee is entitled for a work-related injury. The quoted comment above from *Mansell* makes sense if, instead of referring to the "MIR process," it refers instead to the process of litigating the amount of permanent disability benefits, excepting, of course, the impairment rating issues specifically covered by section 50-6-204(d)(5). Accordingly, the Court adopts this interpretation until the Tennessee appellate authorities declare a different appellate interpretation.

Despite the broad statement made in the *Mansell* opinion, the appellate opinions interpreting section 50-6-204(d)(9) indicate no instance where a trial court has invoked section 50-6-204(d)(9) to designate a neutral physician to address treatment issues. In *Scott v. Vought Aircraft Indus.,* No. M2006-01306-WC-R3-CV, 2007 Tenn. LEXIS 890, at *8-9 (Tenn. Workers' Comp. Panel Mar. 26, 2007), an appellate panel upheld a trial court's decision, on its own motion, to reopen the proof in a workers' compensation claim to appoint a neutral physician to address the issue of causation. The Court can see how the issue of causation relates to the process of litigating the amount of permanent disability benefits. The Court cannot, however, see how the treatment issues raised by Ms. Amos relate to the amount, if any, of permanent disability benefits she might recover. Accordingly, until it has appellate guidance to the contrary, the Court finds that section 50-60-204(d)(9) does not allow the designation of a neutral physician to address the treatment issues raised by Ms. Amos.

*Ms. Amos' Claim for Temporary Total Disability Benefits*

In order to establish a prima facie case for temporary total disability benefits, an employee must show (1) that she was totally disabled and unable to work due to her compensable injury; (2) that her work injury and her inability to work are causally connected; and (3) the duration of her period of disability. *Gray v. Cullom Machine, Tool & Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Thompsen v. Concrete Solutions,* No. 2014-04-0012, 2015 TN Wrk. Comp. LEXIS 4, at *23 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2015). Here, Ms. Amos established total disability from July 1-6, 2015. (Exs. 6, 7, 8.) However, she submitted no medical expert opinion establishing that the disability she sustained during the subject period was due to her compensable injury. Accordingly, the Court finds that, at a hearing on the merits, Ms. Amos will not prevail in establishing her entitlement to temporary total disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Amos' request to change authorized treating physicians or obtain a second opinion paid for by Goodwill is denied.

2. Ms. Amos' claim for temporary total disability benefits is denied.

3. This matter is set for an Initial (Scheduling) Hearing on December 15, 2015, at 9:30 a.m. Eastern Time. The Court will conduct the hearing by telephone. The call-in numbers are 855-747-1721 (toll-free) or 615-741-3061.

**ENTERED this the 5th day of November, 2015.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set on December 15, 2015, at 9:30 a.m., Eastern Time, with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of

the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Karen Amos submitted with the Request for Expedited Hearing filed September 23, 2015;
2. Hand-written statement of Karen Amos submitted with the Request for Expedited Hearing filed September 23, 2015;
3. Type-written statement of Karen Amos addressed to the Clerk of the Court of Workers' Compensation Claims, filed September 28, 2015;
4. Type-written statement of Karen Amos addressed to the Department of Tennessee Workers Compensations, filed September 4, 2015;
5. Job Description;
6. FMLA paperwork;
7. FMLA correspondence;
8. Records of Cherokee Health Systems.

Technical record:[3]
1. Petition for Benefit Determination, filed July 23, 2015;
2. Dispute Certification Notice, filed September 4, 2015;
3. Request for Expedited Hearing, filed September 4, 2015;
4. Correspondence from the Clerk of the Court of Workers' Compensation Claims to Ms. Amos, sent September 21, 2015;
5. Request for Expedited Hearing, September 23, 2015;
6. Email correspondence from the Clerk of the Court of Workers' Compensation Claims to Gordon Aulgur, attorney for Goodwill, sent September 23, 2015;
7. Email correspondence from the Clerk of the Court of Workers' Compensation Claims to Gordon Aulgur, attorney for Goodwill, sent September 29, 2015;
8. Motion to Supplement Record with Recently Obtained Medical Document, filed October 7, 2015;
9. Order Denying Motion to Supplement Record, filed October 28, 2015.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Denying Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 5th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Karen Amos, self-represented | x | | | | | Ms. Karen Amos, 614 Aqua Street, Apt. 133, Athens, TN 37303 |
| Gordon Aulgur, attorney | | | | | x | Gordon.aulgur@accidentfund.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov